IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Richard Mester, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-1339-DCN |
| vs. ) | |
| ) | **ORDER** |
| The Boeing Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The following matter is before the court on defendant The Boeing Company's ("Boeing") motion to dismiss, ECF No. 3, and plaintiff Richard Mester's ("Mester") motion to remand, ECF No. 5. For the reasons set forth below, the court denies the motions.

## I.  BACKGROUND

Because this order resolves the instant motions on procedural grounds, the court provides only a brief overview of the facts that underlie Mester's claims and recounts in more significant detail the action's convoluted procedural history. Mester's complaint states that he worked for Boeing as a flight technician from 2013 to 2017 and as a "tool focal" from 2017 to 2018.[1] In November of 2018, Boeing terminated Mester's employment. In his complaint, Mester alleges that he was fired because he reported aircraft safety concerns to upper-level management at Boeing and because he was a vocal supporter of the worker's union. Boeing denies these allegations.

---

[1] According to Mester, a "tool focal" is responsible for inspecting tool boxes before and after a shift at the Boeing plant to ensure that the tools used in constructing aircrafts are properly labeled, accounted for, and in good repair. ECF No. 1-1 at 9.

1

On May 14, 2019, Mester filed this lawsuit in the Charleston County Court of Common Pleas, alleging three claims: (1) wrongful termination against Boeing, (2) slander against Boeing and three individually named managers at Boeing (the "individually named defendants"), and (3) negligent supervision against Boeing. ECF No. 1-1 at 2–22. On June 12, 2019, Boeing, with the consent of the individually named defendants, removed the action to this court, alleging that the court had federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Id. at 23–28. On July 1, 2019, Mester filed a motion to remand the matter to state court. 2:19-cv-1686-RMG, ECF No. 9. On October 3, 2019, after Boeing consented to Mester's motion to remand, the court granted the motion and remanded the matter to the Charleston County Court of Common Pleas. Id., ECF No. 13.

Boeing and the individually named defendants filed a motion to dismiss all of Mester's claims with the Charleston County Court of Common Pleas on October 11, 2019. On February 27, 2020, the Honorable Perry M. Buckner, III, held a hearing on the motion to dismiss. On March 24, 2020, Judge Buckner issued an order resolving the motion to dismiss. ECF No. 6-1, the "State Court Order". The State Court Order granted the motion to dismiss with respect to Mester's slander claim against Boeing and the individually named defendants. Because the slander claim was the sole claim alleged against the individually named defendants, the State Court Order dismissed them from the case, leaving Boeing as the only remaining defendant. Additionally, the State Court Order denied the motion to dismiss with respect to Mester's wrongful termination and negligent supervision claims against Boeing, finding that each "presented a proper claim." ECF No. 6-1 at 4.

On April 7, 2020, Boeing again removed the matter to this court, this time on the basis of diversity jurisdiction under 28 U.S.C. §1332. ECF No. 1. Boeing's notice of removal states that the matter became removable on March 24, 2020 upon Judge Buckner's filing of the State Court Order because the State Court Order dismissed the individually named defendants from the lawsuit and without those defendants, the parties are completely diverse. The same day, Boeing filed a motion to dismiss with this court, arguing that both of Mester's remaining causes of action fail to state a claim. ECF No. 3. On April 18, 2020, Mester filed a motion to remand, ECF No. 5, and an accompanying memorandum in support, ECF No. 5-1. In lieu of substantively responding to Boeing's motion to dismiss, Mester re-filed his memorandum in support of his motion to remand as a response to Boeing's motion to dismiss. ECF No. 6. On April 28, 2020, Boeing replied to Mester's "response." ECF No. 7. On May 4, 2020, Boeing filed a response to Mester's motion to remand. ECF No. 8. Mester did not reply, and the time to do so has now expired. As such, the matter is now ripe for review.

## II.  STANDARD

### A.  Motion to Remand

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction. Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is

3

doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original federal jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, see 28 U.S.C. § 1332.

### B. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III.  DISCUSSION

#### A.  Motion to Remand

Because Mester's motion to remand challenges the court's constitutional authority to consider this action, the court addresses that motion first.  Mester contends that remand is necessary on two alternative grounds.  First, Mester argues that Boeing's removal is untimely because Boeing filed its notice of removal more than thirty days after it received service.  Second, Mester contends that the court does not have jurisdiction over this action's subject matter because Mester's complaint does not present a federal question.  Because the former ground is meritless and the latter ground asserts an irrelevant argument, the court denies the motion.

##### 1.  Timeliness

Mester argues that Boeing's removal is untimely based on his assertion that "[r]emoval must occur within 30 days of service." ECF No. 5-1 at 4.  While Mester's assertion is technically correct under 28 U.S.C. § 1446(b)(1), it is an incomplete statement of the law.  A clear exception to the thirty-day rule, 28 U.S.C. § 1446(b)(3) provides:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

(emphasis added).

When Mester filed this lawsuit, it was not removable on the basis of diversity jurisdiction because the parties were not completely diverse—both the individually

5

named defendants and Mester are citizens of South Carolina. The State Court Order dismissed the individually named defendants from the case on March 24, 2020. The remaining parties after the State Court Order, Boeing and Mester, are citizens of different states and thus completely diverse. Upon the filing of the State Court Order, therefore, this case became removable on the basis of diversity jurisdiction. Boeing's notice of removal, filed on April 7, 2020, clearly states, "The Notice of Removal is filed within thirty (30) days after receipt of a copy of the [State Court O]rder dismissing Plaintiff's cause of action for slander against the Individual Defendants, pursuant to 28 U.S.C. § 1446(b)(3)." ECF No. 1 at 2. In short, the case became removable on March 24, 2020, and Boeing removed the case on April 7, 2020. As such, Boeing complied with § 1446(b)(3) because it removed the action within thirty days of the case becoming removable. Thus, Mester's argument misses the point and gives the court no reason to find that Boeing's notice of removal is untimely.

### 2. Federal Subject Matter Jurisdiction

In addition to his procedural argument, Mester argues that the court does not have subject matter jurisdiction over this action because "[Boeing] has failed to present a federal question." ECF No. 5-1 at 6. Of course, federal question jurisdiction is but one of the several doors into the federal courthouse. Boeing's notice clearly states that removal is based on the court's diversity jurisdiction, a wholly legitimate and equally frequented door into federal court. After considering Mester's argument, the court can only conclude that Mester's counsel failed to read Boeing's notice of removal, the very document her motion challenges, or that foundational concepts of federal jurisprudence

escaped counsel when she resolved to file the motion to remand.  In either case, the court rejects Mester's argument and denies the motion to remand.

Under 28 U.S.C. § 1332, a district court has original subject matter jurisdiction over actions in which the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states.  As its grounds for removal, Boeing clearly states in its notice:

> Defendant is entitled to removal of the aforesaid civil action to this Court on the grounds of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, in that complete diversity exists between Plaintiff and Defendant, the real parties in interest in this lawsuit, and the matter in controversy exceeds the sum of Seventy-Five Thousand and no/100 ($75,000.00) Dollars, exclusive of interest and costs.  Specifically, Plaintiff is a citizen and resident of Charleston County, State of South Carolina.  Defendant is not a citizen or resident of the State of South Carolina but, instead, is a foreign corporation organized outside the State of South Carolina.  Moreover, Defendant's principal place of business is located outside of the State of South Carolina.  Plaintiff has requested actual, consequential and exemplary damages in in [sic] his Complaint and has not otherwise limited his damages claim.

ECF No. 1 at 2 (internal citations omitted).  Mester only argues that the court does not have federal question jurisdiction and fails to provide any reason as to why the court does not have diversity jurisdiction over the matter.[2]  Because the parties to this action are clearly diverse and because Mester has given the court no reason to believe that the

---

[2] Perplexingly, Mester includes in his motion a correct statement of law with respect to diversity jurisdiction: "Original jurisdiction exists [where] the parties are diverse and meet the statutory requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332."  ECF No. 5-1 at 6 n. 11 (internal citations and quotation marks omitted).  Even a cursory review of the exact law Mester's counsel included in her own motion would have saved this court from expending its resources to resolve her meritless request for remand.

amount in controversy is less than $75,000, the court has diversity jurisdiction over the matter. Therefore, the court denies Mester's motion to remand.[3]

Astonishingly, in a spasm of chutzpah, Mester asks this court to award him the attorney's fees and costs incurred in filing his motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Based on the foregoing discussion, Boeing had reasonable grounds, and in fact proper grounds, for removing this action to federal court. As such, the court rejects Mester's baseless request for attorney's fees and costs.[4]

---

[3] Perhaps the most baffling aspect of Mester's counsel's decision to file the motion to remand in this case, counsel made the exact same flagrant mistake in the very recent past. Just weeks before counsel decided to file the instant motion, South Carolina District Judge Richard Gergel denied a different motion to remand filed by counsel in a very similar case, Carlos Lugo v. Boeing, holding:
> Plaintiff argues that the federal court has no jurisdiction over the matter because the claims asserted in the complaint raise no federal question under 28 U.S.C. § 1331. However, Defendant . . . asserts jurisdiction under 28 U.S.C. § 1332, on the basis that the claims of Plaintiff exceed $75,000 and there is complete diversity between the parties. Plaintiff has not challenged Defendant's factual assertions regarding its § 1332 jurisdiction.

No. 2:19-2995-RMG, ECF No. 9 at 1 (internal citations omitted). Thus, the court's denial of Mester's motion to remand in this case provides Mester's counsel with the second kick of the mule.

[4] Peppered throughout Mester's motion are a few other half-baked arguments for remand, unsupported by any law. For example, Mester argues that removal is "unreasonable" and "improper", yet provides no legal basis from which the court could agree. ECF No. 5-1 at 1, 5. Additionally, Mester argues that Boeing consented to the state court jurisdiction by consenting to the first motion to remand in July 2019. Of course, the fact that Boeing consented to a previous motion to remand under the previous posture of the case does not preclude Boeing from removing the action under the case's current posture.

### B. Motion to Dismiss

Boeing asks the court to dismiss Mester's remaining claims for wrongful termination and negligent supervision on a number of substantive grounds. Primarily, Boeing argues that each of Mester's causes of action fail to state a claim because Mester has not sought the statutory remedies available for harms he alleges. In support, Boeing relies on a recent order from this court in a factually analogous case, Lugo v. Boeing Company, 2020 WL 495336 (D.S.C. Jan. 30, 2020). Mester does not respond to the substance of Boeing's arguments and instead contends, without citation to legal support, that Boeing "is attempting to circumvent [the State Court Order] by . . . [f]iling a motion to dismiss based on the same exact grounds already ruled upon by Judge Buckner." ECF No. 5–1 at 6. Fortunately for Mester, this time the law supports his position.

After removal, the federal court "takes the case up where the State court left it off." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 436 (1974) (quoting Duncan v. Gegan, 101 U.S. 810, 812 (1880)). Confronting "the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court," the Supreme Court noted that Congress provided a straightforward solution to the problem in 28 U.S.C. § 1450. Granny Goose Foods, 415 U.S. at 435. That statute provides, "All injunctions, orders, and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The Fourth Circuit has agreed that § 1450 is controlling in removed cases, holding that "a court should not reopen issues decided in earlier stages of the same litigation." Jones v. Sears Roebuck & Co., 301 F. App'x 276, 285 (4th Cir. 2008). "The utilization of § 1450

in this setting thus advances the principles that it seeks to promote—judicial economy and protection of the parties' rights." Id.

Boeing's motion to dismiss asks the court to dismiss Mester's causes of action for wrongful termination and negligence supervision, arguing that each fails to state a claim upon which the court could grant relief. Unfortunately for Boeing, that argument was rejected by the state court earlier in this litigation. The court has reviewed the motion to dismiss that Boeing filed in state court. Boeing's state-court motion to dismiss, filed with the Charleston County Court of Common Pleas on February 24, 2020, presented the same grounds for dismissal of Mester's wrongful termination and negligent supervision claims to Judge Buckner. See Defs.' Mem. in Supp. of Mot. To Dismiss, Richard Mester v. The Boeing Company at al., 2019-CP-10-02556 (filed Feb. 24, 2020). After considering the very arguments Boeing presents to this court in the instant motion to dismiss, Judge Buckner, in the State Court Order, found that "Plaintiff has presented a proper claim for Wrongful termination in violation of public policy . . ." and that "Plaintiff has presented a proper claim for Negligent Supervision." ECF No. 6-1 at 4. Because the issue has already been adjudicated in state court, the court cannot reopen the issue to consider the substance of Boeing's motion to dismiss.

As the Fourth Circuit has made clear, a party may not relitigate in federal court a claim that was previously rejected by the state court. Therefore, the court is bound by the State Court Order, which considered Boeing's grounds for dismissal and found that Mester stated proper claims for wrongful termination and negligent supervision under South Carolina law. See Holmes v. AC & S, Inc., 388 F. Supp. 2d 663, 668 (E.D. Va. 2004) ("Once the notice of removal has been effectively filed in both courts, the federal

court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court."). As such, the court denies Boeing's motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to dismiss and **DENIES** the motion to remand.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**June 9, 2020**
**Charleston, South Carolina**

11